UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARILYNN REYNOLDS, ) | Case No.: 13-CV-04855-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANTS' |
| v. ) | MOTION TO DISMISS WITH |
| ) | PREJUDICE |
| ASHA WILKERSON, THE WILKERSON ) | |
| LAW, KEENAN & ASSOCIATES, KAISER ) | |
| FOUNDATION HOSPITALS, DR. ANDREW ) | |
| LOZANO, DR. JASON FISH, UNIVERSITY ) | |
| OF CALIFORNIA BOARD OF REGENTS, and ) | |
| TIEGA VARLACK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Marilynn Reynolds brings the instant action against Defendants Asha Wilkerson, The Wilkerson Law Firm, Keenan & Associates, Kaiser Foundation hospitals, Dr. Andrew Lozano, Dr. Jason Fish, University of California Board of Regents, and Tiega Varlack (collectively, "Defendants"). *See* ECF No. 44. Pending before the Court is Defendants' Joint Motion to Dismiss Reynolds' Amended Complaint ("Motion"). *See* ECF No. 45. The Motion has been fully briefed. *See* ECF Nos. 47, 52. The Court finds the Motion suitable for decision without oral argument under Civil Local Rule 7-1(b) and VACATES the hearing set for September 4, 2014 at 1:30 p.m. The Court also VACATES the September 4, 2014 Case Management Conference. Having considered the briefing, the relevant law, and the record in this case, the Court GRANTS the Motion with prejudice.

1

Case No.: 13-CV-04855-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

## I. BACKGROUND

### A. Factual Allegations

Reynolds' Amended Complaint is related to an underlying medical malpractice action in state court against Defendant Lozano. ECF No. 44 ¶ 2. The underlying medical malpractice action stems from Reynolds' alleged exposure to flame retardant chemicals at Reynolds' workplace. *Id.* ¶ 4. Reynolds sought treatment at Kaiser Hospital and filed a worker's compensation claim. *Id.* Reynolds alleges that Maria Furtado, a claims adjuster for Keenan & Associates, "conspired and arranged a bogus medical appointment" for Reynolds. *Id.* This allegedly fraudulent medical appointment was with Defendant Lozano. *Id.* ¶ 5. Reynolds alleges that Dr. Lozano administered drugs that led to an overdose. *Id.*

Reynolds hired Defendant Wilkerson to represent Reynolds in the medical malpractice action against Dr. Lozano. *Id.* ¶ 2. In the instant case, Reynolds alleges that Defendant Wilkerson provided inadequate services, demanded payment for services that were never performed, and extorted Reynolds using U.S. Mail. *Id.* Specifically, Reynolds alleges that Wilkerson conspired with the other Defendants and failed to pay jury fees, to amend Reynolds' complaint in the medical malpractice action, or to properly calendar hearings. *Id.* ¶¶ 10, 14. Moreover, Reynolds alleges that Wilkerson concealed material facts about the underlying medical malpractice case, including the lack of the need for a medical expert. *Id.* ¶ 15.1. Reynolds lost the medical malpractice action and has appealed. *Id.* ¶ 3.[1]

Reynolds, in her Amended Complaint in the instant action, brings causes of action for breach of fiduciary duty, honest services fraud, obstruction of justice, witness tampering, fraudulent concealment, breach of contract, extrinsic fraud, evidence tampering, and battery. *Id.* ¶¶ 10-19.

### B. Procedural History

Reynolds filed her initial complaint in the instant action on October 17, 2013. ECF No. 1. On November 6, 2013, Defendant Keenan & Associates filed a motion to dismiss. ECF No. 6. On

---

[1] Reynolds alleges in passing that Defendant Jason Fish "committed battery by extracting 16 vials of blood from plaintiff's body, under the guise of performing laboratory tests." ECF No. 44 ¶ 20. It is unclear what this allegation has to do with Reynolds' other allegations.

2

Case No.: 13-CV-04855-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

1   November 8, 2013, Defendant Andrew Lozano filed a motion to dismiss. ECF No. 12. On
2   November 12, 2013, Defendants Asha Wilkerson and the Wilkerson Law jointly filed a motion to
3   dismiss. ECF No. 14.  Reynolds did not file an opposition to any of these motions to dismiss.
4   On December 3, 2013, this case was reassigned to the undersigned judge. ECF No. 17. On
5   December 3, 2013, Defendant Keenan & Associates re-noticed its motion to dismiss. ECF No. 18.
6   Pursuant to Local Rule 7-3(a), Reynolds' opposition to the motion to dismiss was due on
7   December 17, 2013. On December 4, 2013, Defendants Asha Wilkerson and the Wilkerson Law
8   re-noticed their motion to dismiss. ECF No. 20. Pursuant to Local Rule 7-3(a), Reynolds'
9   opposition to the motion to dismiss was due on December 18, 2013. On December 4, 2013,
10  Defendant Andrew Lozano re-noticed its motion to dismiss. ECF No. 21. Pursuant to Local Rule
11  7-3(a), Reynolds' opposition was due on December 18, 2013. Reynolds did not file an opposition
12  to any of these re-noticed motions.

13  Because Reynolds did not file timely oppositions to any of these motions to dismiss, the
14  Court issued an order to show cause why the case should not be dismissed for failure to prosecute
15  on April 1, 2014. ECF No. 31. In that order, the Court explicitly stated that "[t]his Order does not
16  authorize Reynolds to file untimely oppositions to Defendants' motions to dismiss." *Id.* at 2.
17  Nonetheless, on April 4, 2014, Reynolds filed a motion to enlarge time to oppose the motions to
18  dismiss. ECF No. 33. Specifically, Reynolds sought a 60-day extension of the deadline to oppose
19  the motions to dismiss. Before the Court could rule on Reynolds' motion to enlarge time, Reynolds
20  filed an untimely opposition on April 16, 2014.

21  Reynolds appeared at the order to show cause hearing and case management conference on
22  April 17, 2014. Reynolds represented that she received Defendants' motions late because they were
23  sent to the wrong zipcode (95124) initially. Defendants responded that Reynolds' complaint
24  provided no zipcode. Defendant Lozano represented that his motion to dismiss was served on
25  Reynolds' correct zipcode (95135) on both November 8, 2013 and December 4, 2013. Defendant
26  Keenan & Associates represented that his motion to dismiss was served on Reynolds' incorrect
27  zipcode on November 6, 2013, but was served on the correct zipcode on December 6, 2013.
28  Defendant Wilkerson represented that his motion to dismiss was served on the wrong zipcode on

3
Case No.: 13-CV-04855-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

November 12, 2013 and December 4, 2013, but was served on the correct zipcode on December 6, 2013.

The Court concluded that even taking into account the initial service on the wrong zipcode, Reynolds failed to timely file an opposition to Defendants' motion to dismiss. *See* ECF No. 38. At the hearing, the Court vacated the order to show cause because Reynolds appeared at the hearing. *Id.* However, the Court denied as moot Reynolds' request for a 60-day extension of the deadline for the oppositions to the motions to dismiss because even such an extension were granted, Reynolds' opposition would still be untimely. *Id.* Accordingly, the Court struck Reynolds' untimely opposition. *Id.*

The Court granted all three Defendants' motions to dismiss due to Reynolds' failure to oppose. *Id.* The Court, however, granted Reynolds leave to amend to cure the deficiencies identified in the motions to dismiss. "The Court cautioned [Reynolds] that failure to meet the May 19, 2014 deadline to file an amended complaint or failure to cure all the deficiencies identified in Defendants' motions to dismiss will result in a dismissal with prejudice." *Id.* The Court further specifically told Reynolds on the record that Defendants "do raise valid claims about the deficiency of your complaint. It is true, 18 United States Code Section 1341 is mail fraud. That's a crime. There's no private right of action for a non-governmental entity to try to prosecute mail fraud." The Court then set a briefing schedule for amendment of the complaint and any subsequent motion to dismiss. *Id.*

In line with this schedule, on May 19, 2014, Reynolds filed her Amended Complaint. ECF No. 44. Defendants filed a joint Motion to Dismiss on June 16, 2014. ECF No. 45. Plaintiff filed an Opposition and two supporting documents on July 14, 2014. ECF No. 46-48. Defendants filed a Reply on August 4, 2014. ECF No. 52.

**II.    LEGAL STANDARDS**

**A.    Rule 12(b)(1)**

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish

4

subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject matter jurisdiction.

### B.     Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, pro se pleadings are to be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[I]n general, courts must construe pro se pleadings liberally.").

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). A court is also not required to " 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.' " *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

If the Court determines that the complaint should be dismissed, the Court must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.' " *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

## III.   DISCUSSION

### A.   Federal Causes of Action

On Reynolds' civil cover sheet, Reynolds asserts that jurisdiction is proper under federal question jurisdiction. Reynolds cites the following federal statutes in her Amended Complaint: 18 U.S.C. §§ 1341-46; 18 U.S.C. § 1349; 18 U.S.C. § 1512; 18 U.S.C. § 1961; and 18 U.S.C. § 1964. *See* ECF No. 44 at 2; *id.* at 9-11. For the reasons discussed below, the Court finds that none of the above-mentioned federal statutes provides the Court with subject-matter jurisdiction over this instant action.

First, 18 U.S.C. §§ 1341-46 (mail, bank, and wire fraud), 18 U.S.C. § 1349 (conspiracy), and 18 U.S.C. § 1512 (tampering with a witness, victim, or an informant) are all criminal statutes that confer no private causes of action and thus cannot serve as the basis for federal question jurisdiction. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (noting the Supreme Court is "quite reluctant to infer a private right of action from a criminal prohibition alone"); *Rowland v. Prudential Fin., Inc.*, 362 Fed. App'x. 596 (9th Cir. 2010) (affirming dismissal of section 1512 claims "because those statutes do not provide a private

6
Case No.: 13-CV-04855-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

right of action"); *Ou-Young v. Rea*, Case No. 13-03118, 2013 WL 5934674, at *3 n. 27 (N.D. Cal. Nov. 4, 2013) ("Plaintiff has cited no authority, and the court knows of none, holding that a plaintiff can bring civil causes of action under 18 U.S.C. § 1512"); *Sepehry-Fard v. Dep't Stores Nat'l Bank*, 2013 WL 5537126, at *9 (N.D. Cal. Oct. 4, 2013) (holding that 18 U.S.C. § 1512 did not provide a private right of action); *Cobb v. Brede*, Case No. 10-03907, 2012 WL 33242, at *2 (N.D. Cal. Jan. 6, 2012) *aff'd*, 517 F. App'x 556 (9th Cir. 2013) (noting that 18 U.S.C. §§ 1341 and 1343 "are the federal criminal statutes for mail and wire fraud . . . [that] do not provide litigants with a private right of action."); *see also Hayes v. Shelby Cnty. Tr.*, 971 F. Supp. 2d 717, 735 (W.D. Tenn. 2013) (holding that 18 U.S.C. § 1344 (bank fraud), 18 U.S.C. § 1349 (attempt and conspiracy), and 18 U.S.C. § 1346 (scheme or artifice to defraud) did not convey private rights of action); *Cox v. Randazza*, Case No. 13-00297, 2013 WL 6408736, at *10 (D. Nev. Nov. 27, 2013) (finding 18 U.S.C. § 1512 "do[es] not appear to provide for a private right of action"); *RJ Prod. Co. v. Nestle USA, Inc.*, Case No. 10-0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (noting that because 18 U.S.C. §§ 1341, 1343, 1345, 1346, 1349 are "criminal statutes [that] do not provide for private causes of action, they cannot be used to grant plaintiff access to federal courts"); *Robinson v. Joya*, Case No. 08-1339, 2010 WL 890437, at *11 (E.D. Cal. Mar. 8, 2010) (holding that where there was no private right of action under a criminal statute, plaintiff could not allege a claim for conspiracy to violate that very same criminal statute).

Second, while Reynolds' Jurisdictional Statement contained in her Amended Complaint makes a passing reference to 18 U.S.C. §§ 1961 and 1964 as a source of jurisdiction for this action, Reynolds fails to demonstrate that she has standing to pursue a claim under these provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). By its express terms, RICO provides for recovery only for "any person injured in his business or property." 18 U.S.C. § 1964(c); *see also Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (noting that RICO excludes recovery for "personal injuries suffered"); *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) ("A civil RICO 'plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.' " (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)); *Diaz v. Gates*, 420 F.3d

7
Case No.: 13-CV-04855-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

897, 900 (9th Cir. 2005) ("Without a harm to a specific business or property interest . . . there is no injury to business or property within the meaning of RICO.")

Here, Reynolds only alleges that she suffered personal injuries, such as "extreme emotional distress" from Defendant Wilkerson's loss of Reynolds' medical malpractice claim. ECF No. 44 at ¶ 15. These injuries are insufficient to qualify as harms to any business or property interest. *See Nix v. Hoke*, 62 F. Supp. 2d 110, 116 (D.D.C. 1999) (holding that judgment sought by plaintiff in prior action was not plaintiff's "property" within meaning of RICO's requirement because "to allow a private RICO plaintiff to go forward on the theory that a judgment sought in litigation is already his 'property' would 'allow all factually injured plaintiffs to recover' under the statute, a result the Supreme Court has expressly rejected" (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 266, (1992)). Reynolds therefore fails to demonstrate that she has standing to pursue a RICO claim.

Accordingly, as the Court finds that Reynolds did not state a claim under any of the above-mentioned statutes, the Court dismisses these claims.

### B.    Leave to Amend

The Court finds that further leave to amend would be inappropriate here because of Reynolds' repeated failure to cure deficiencies despite notice of the deficiencies and futility of amendment. Reynolds was on notice that federal criminal statutes do not confer a private civil right of action. The Court explicitly stated as much at the hearing on the order to show cause, when the Court informed Reynolds that Defendants "do raise valid claims about the deficiency of your complaint. It is true, 18 United States Code Section 1341 is mail fraud. That's a crime. There's no private right of action for a non-governmental entity to try to prosecute mail fraud." Moreover, Defendants' initial motions to dismiss also put Reynolds on notice that these criminal statutes could not form the basis for her civil cause of action. *See, e.g.,* ECF No. 6 at 7 (citing authority for the proposition that "private parties may not maintain suit under most provisions of Title 18," which contains federal criminal statutes); ECF No. 12 at 10 (citing a Ninth Circuit case for the proposition that "[t]here is no independent private right of action for mail fraud under 18 U.S.C. § 1341"). Defendants also put Reynolds on notice regarding the pleading issues with the RICO claim described above in their initial motions to dismiss. *See* ECF No. 6 at 10 ("Plaintiff has not

8
Case No.: 13-CV-04855-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

alleged injury to her business or property."); ECF No. 12 at 24 ("None of these alleged harms describe the concrete financial harm to business or property required to assert a civil RICO claim."); ECF No. 14 at 12 ("The Complaint in this case alleges that Plaintiff suffered personal injury alone, which is insufficient to maintain a RICO cause of action."). The Court explicitly notified Reynolds that "failure to cure all the deficiencies identified in Defendants' motions to dismiss will result in a dismissal with prejudice." ECF No. 38. Despite this admonition, Reynolds has not cured the deficiencies. Accordingly, the Court finds that this failure alone is sufficient to deny leave to amend.

Nonetheless, the Court notes that the deficiencies in the Amended Complaint with regard to the causes of action arising out of federal criminal statutes are legal deficiencies that cannot be cured, and amendment would therefore be futile. Moreover, the Court finds that the essence of the wrongdoing alleged here, a medical malpractice claim followed by a legal malpractice claim, cannot amount to a RICO cause of action. *See Nix*, 62 F. Supp. 2d at 116 (D.D.C. 1999) (holding that litigation judgment did not constitute "property" for purposes of RICO); *Giannone v. Ayne Inst.*, 290 F. Supp. 2d 553, 565 (E.D. Pa. 2003) (noting that physical injuries are not injuries to plaintiff's business or property). Therefore, amendment of the RICO claim would also be futile. Because the Court finds a repeated failure to cure deficiencies and futility of amendment, the Court will not permit further leave to amend.

### C.   Supplemental Jurisdiction

Reynolds' remaining causes of action are state law causes of action. A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Conversely, a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937-38 (9th Cir. 2003), *amended by* 350 F.3d 916 (9th Cir. 2003) (holding that Section 1367(c) grants federal courts the discretion to dismiss state law claims when all federal claims have been dismissed). In considering whether to retain supplemental jurisdiction, a court

9

Case No.: 13-CV-04855-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state[-]law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

Here, the factors of economy, convenience, fairness, and comity instruct that Plaintiff's remaining state law claims should be dismissed. This case is still at the pleading stage, and no discovery has taken place. Judicial resources are conserved by dismissing the case at this stage. Moreover, the Court finds that dismissal promotes comity as it enables California courts to interpret questions of state law. For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Reynolds' federal causes of action with prejudice. The Court further declines to exercise supplemental jurisdiction over the state causes of action and dismisses these causes of action without prejudice. Further leave to amend is denied. The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: August 14, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2] While not alleged in her Amended Complaint, the Court also finds that diversity jurisdiction is also improper because the parties are non-diverse. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction is only proper if plaintiffs and defendants are residents of different states). Here, Reynolds alleges that she herself and many of the defendants are California residents, and thus diversity jurisdiction is improper. *See* ECF No. 1 at 1.

10
Case No.: 13-CV-04855-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE